[Civ. No. 908. Fourth Appellate District.—July 15, 1932.]

M. SCHNEIROW, Appellant, v. LAS VEGAS LAND & BUILDING CO., INC. (a Corporation), et al., Respondents.

S. W. Newman for Appellant.

No appearance for Respondents.

THOMPSON (V. N.), J., *pro tem.*—The appeal of this cause is taken by the plaintiff from a judgment in the trial court in favor of the defendant corporation and the intervener, and against the plaintiff.

The record on appeal is made, aside from the usual transcripts, only upon the appellant's opening brief, without any respondent's brief. Therefore, there is nothing before this court to even indicate what position the defendant corporation and intervener Hinsch take with respect to the points raised by this appeal. The pleadings and evidence, of course, indicate their contentions before the trial court. An added burden is therefore placed upon this court to more thoroughly review all of the evidence and details of fact as developed before the trial court in order that a proper conclusion may be reached, having in mind the contentions of all of the litigants.

The action was brought by the plaintiff as the assignee of Olive Krug, who was an original assignee of R. E. L. Blankenship, for money in the amount of $6,289.32, claimed to have been had and received by the said defendant corporation from the said Blankenship.

The basis of this claim is that in organizing and financing the defendant corporation. which was a Nevada corporation, R. E. L. Blankenship and Phillip F. Bartlett undertook to place equal amounts of money in the corporation as capital, for which shares of stock were to have been issued, according to the amount of money contributed by each. This plan was followed up to a certain point, when contributions made by Blankenship exceeded those made by Bartlett in the amount of $6,289.32, which was shown as a credit balance in favor of Blankenship in his personal account in the books of the corporation.

Blankenship, prior to and during the organization and operation of the defendant and respondent corporation, was indebted to A. M. Hinsch, intervener and respondent, upon two promissory notes aggregating $30,000, as security for the payment of which there was pledged certain shares of stock of San Diego Finance Company. Shortly prior to the dates of maturity of these notes Blankenship sought their renewal and at the same time the release of the pledged stock in the San Diego Finance Company, and to substitute therefor stock in Las Vegas Land & Building Company.

A statement purporting to show the financial condition of this company was prepared by the secretary, J. G. Chapman, at the instance of Blankenship, who was then, and had been, since the organization of the company, the president, and Bartlett, the vice-president thereof. Although at the time of the preparation of the financial statement there was a credit balance standing on the books of the company in the personal account of Blankenship, this item was given no mention in the statement, except in this way: "Cash paid in by stockholders, $29,156.02". The statement was also made therein, "no debts, current or otherwise, excepting on three tracts above". The tracts referred to are tracts upon which the company owed certain balances. A copy of this statement is attached to the complaint in intervention, marked exhibit A. There was no direct statement that Blankenship was a creditor of the company. When the financial statement was thus prepared on June 4, 1930, it was presented to Blankenship; his creditor, Hinsch; Bartlett, the principal co-owner of the Las Vegas Land & Building Company; J. C. Hizar, a stockholder of that company, whose name appears as an accommodation maker upon the two promissory notes which were given by Blankenship in renewal of the original notes to Hinsch, and whose name also appears as attorney for both the defendant Las Vegas Land & Building Company and the intervener Hinsch in this action. The financial condition of the company was discussed by all of these parties, collectively and in smaller groups, prior to the preparation of the statement already referred to.

Nowhere in the testimony of the witnesses is it disclosed whether or not the fact of the existence of indebtedness of the Las Vegas Land & Building Company to Blankenship was made known to Hinsch, although the fact is developed that Hinsch, as a condition for the renewal of the Blankenship notes and the substitution of Las Vegas Land & Building Company stock for San Diego Finance Company stock required that Bartlett replace Blankenship as president and financial manager of the company. This was done through official action of the board of directors on May 5, 1930.

The credit in Blankenship's favor remained on the books of the company until September 10, 1930, when a book entry was made by the secretary, Chapman, for the purpose

of closing it. Blankenship was indebted to Olive Krug on a judgment in the Superior Court in San Diego County in amount of $64,675. On July 24, 1930, a written agreement was entered into between Blankenship and Mrs. Krug whereby Blankenship agreed to pledge 100 shares, more or less, of Las Vegas Land & Building Company stock as collateral security to a note for $1,000, and other considerations, which was to have been applied in reduction of this judgment. Although stock in the Las Vegas Land & Building Company was issued in favor of Blankenship to the extent of 108 shares on July 29, 1930, for the purpose of consuming Blankenship's credit on the company's books, Blankenship, after receiving and keeping the stock for a few days, returned it to the secretary and refused its acceptance on the ground that he had agreed with Hizar and Bartlett that he would be given an irrevocable power of attorney to vote the stock. Instead of this particular stock being pledged to Mrs. Krug, as provided by the terms of Blankenship's agreement with her, an assignment was made by him to her of his claim for the amount of the credit balance shown in his favor on the books of the Las Vegas Land & Building Company. This assigned claim forms the basis for the action from the judgment in which this appeal is taken.

The allegations of the complaint in intervention, particularly paragraphs III and IV, apparently are made for the purpose of showing fraud, or the making of fraudulent representations on the part of Blankenship by which intervener Hinsch was misled and was thereby induced to renew Blankenship's notes, to part with the original securities which he held, shares of stock in the San Diego Finance Company, and to accept in substitution therefor 375 shares of stock in the Las Vegas Land & Building Company. Paragraph IX then recites, in part, that, " . . . except for the representations as to the condition of the company . . . intervener would not have accepted as a pledge the said stock . . . and surrendered the security formerly held by him, . . . " and then recites further, " . . . that he (intervener) accepted said two promissory notes, . . . and said security of such stock entirely upon the said representations of the said R. E. L. Blankenship, said J. C. Hizar, J. G. Chapman and Phillip F. Bartlett, which statements and

representations were all made in the presence of and at the request of the said R. E. L. Blankenship". (Parentheses ours.)

Here we have an anomaly, in that the name of J. C. Hizar appears as attorney for the intervener and also for the defendant corporation, and at the same time as one of the persons who it is alleged made representations which misled and caused the intervener to do the things complained of, i. e., to renew Blankenship's notes and accept a substitution of securities.

There is no direct allegation in the complaint in intervention that the representations of either Blankenship, Hizar, Chapman or Bartlett with respect to he solvency or financial condition of the Las Vegas Land & Building Company were not true, that the representations complained of were made for the purpose of misleading or defrauding the intervener, or any of the material and necessary allegations upon which the claim of actual fraud might be based. The complaint in intervention apparently attempts to make the intervener the principal party to the action, aside from the plaintiff herself.

Only inferentially can it be taken from the complaint in intervention that there was actual or constructive fraud committed, either on the part of Blankenship individually, or Blankenship and the other persons named by "The suppression of that which is true, by one having knowledge or belief of the fact" (Civ. Code, sec. 1572, subd. 3), or by a " . . . breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his prejudice" (Civ. Code, sec. 1573, subd. 1) by Blankenship and/or such other persons failing to make known to the intervener Hinsch that the accounts of the Las Vegas Land & Building Company showed a credit balance in favor of Blankenship, and permitting a financial statement of this company to be exhibited to Hinsch without having shown thereon the fact that Blankenship was a creditor of the company to the extent of $6,289.32.

The testimony of Blankenship, Bartlett, Chapman and Hizar himself shows that the financial condition of the company, as well as its prospects for the future, were discussed by all of these persons with the intervener Hinsch at different times for more than a month immediately prior to the

renewal of the notes and substitution of securities, and that the financial statement, as prepared by the secretary, Chapman, or memoranda containing its substance, was used on different occasions in these discussions; that all of these officers and stockholders were aware of the fact that there was a credit in Blankenship's favor standing on the books of the company during the entire time covered by the discussions, and that no false statement or misrepresentation by or on the part of Blankenship caused the intervener to change his position with respect to the notes and securities.

Even though the intervener was available, and could have attended the trial, the record discloses that he did not choose to attend, nor to give the trial court the benefit of his testimony with respect to whether or not he relied upon or was actually misled by any statements or representations of Blankenship, or any or all of the other persons connected with the Las Vegas Land & Building Company.

Appellant's first point of appeal, "The court erred in its finding that the plaintiff's assignor had made the representations alleged in intervener's complaint and the intervener had relied thereon in accepting the securities therein stated" is well taken.

Appellant's second point of appeal, "The stock issued and held by the intervener, A. M. Hinsch, was issued in violation of the Corporate Securities Act, was void, gave rise to no rights in the intervener, and the court erred in its finding in that respect" is also well taken.

The evidence is plain that all of the stock in the defendant corporation which is involved in this action was issued in violation of the Corporate Securities Act of the state of California as it existed in 1930, and that Las Vegas Land & Building Company, being a Nevada corporation, had not obtained a permit to transact business or to issue its corporate stock in California, as required by the act at that time. The finding and judgment of the trial court in this respect is clearly contrary to the evidence.

We believe, also, that the findings of the trial court upon the matters referred to in appellant's points III and IV are contrary to the evidence, and that these points should be sustained.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.